All rise, please be seated. Before we start our argument, you'll probably notice that there are only two of us on the bench. There will be a third justice assigned to this case and will participate as fully as the two of us who are present for oral argument. With that introduction and proviso, counsel, whenever you're ready, you may proceed. May it please the court, counselor. My name is Lawrence O'Neill and I represent Jeremy Thompson in this cause. Mr. Thompson was convicted by a jury of procurement of antihydrosomomia and tampering with antihydrosomomia equipment related to an incident at an antihydrosomomia facility. In 2014, this court reversed Mr. Thompson's conviction, finding that the trial court error could have been inlayed in the testimony. In January of 2016, Illinois Supreme Court... Just as an aside, the Supreme Court created a whole new set of instructions as a result of our ruling. That's correct. It was pretty amazing the process they put into place for surveillance videos from now on. And I question whether you all are going to be back on these failure to have police officer posts out of the jury presence issues. It could be. It's going to take a while. We're going to have to work through that, aren't we? Yes, we are. But you need not go through the Supreme Court. We're here, I think, on the remaining issues. That is correct. At least for my purpose, do you need him to come through? Well, mine too. I wrote Thompson here. I'm the one who got reversed. Yeah, and I was on it, so we all looked at the video. He created good work for the state of Illinois, Justice O'Neill. I do my best. I was just given the court context I'm moderating today on the remaining issues. The sole argument raised here is that Mr. Thompson asked his court to reverse his convictions and demand for a new trial because the trial court failed to instruct the jury that an essential element of the offense of a theft is a substantial step towards the commission of the underlying offense. And just for the record, the other issue that was briefed prior that was raised by you was the One Crime, One Act, and the state concedes that issue, right? So we're not going to talk about that. That issue is not presented to the court right now, no. Okay, good. Great. Thank you. Both of the charges of procurement of anhydrous ammonia and tampering with anhydrous ammonia equipment allege that Mr. Thompson attempted to commit the offenses. An essential element of a theft is a substantial step toward the commission of the underlying offense. Whether a person took a substantial step towards the commission of the offense is a factual question for the jury based upon the particular facts and circumstances of the case. Here, the trial court's failure to ask the court to determine whether the state proved the element of substantial step took a fact question away from the jury in denying Mr. Thompson a fair trial. This court's opinion in the 2012 decision of People v. Bell, as I discuss in my brief shoot-and-guide this court here, in Bell, the defendant was charged with attempted possession of anhydrous ammonia. And the jury was not given a substantial step instruction and found the defendant guilty. Was that a plain error case, though? Yes, Your Honor. Yes, Your Honor. Now, in Peel, the defendant argued that a plain error occurred because the jury was not given a substantial step instruction. This court found that a substantial step is a required element, even though the statute that defines the offense does not include substantial step as an element. In so holding, the Bell court noted that a substantial step is a required element of attempt because mere preparation to commit an offense does not constitute an attempt to commit it. However, as noted in Bell, trial counsel did not object to the defective instruction. And that's what we have here. Counsel did not object to the defective instruction. Nevertheless, this court should review the issue under the second prong of the plain error doctrine because when the jury is not properly instructed on an essential element, the reviewing court does not weigh the evidence but addresses the error under the serious error prong of the plain error ruling. The Illinois Supreme Court's decision in People v. Hoppe, which was discussed in Bell, provides the framework for this analysis. In Bell, where the defendant was found guilty based on an accountability theory, this court found that a plain error did not occur because the disputed issue in trial did not involve any attempt with respect to the defendant's conduct but concerned the defendant's accountability based on aiding and abetting the principle. Well, let me ask you this. Was a substantial step at issue in this case or did it hinge on identity? You had a defendant who claims he was gassed out. You had the argument about the, excuse me, smudges on a tire indicating trying to, you know, climb up to do this. The fight seemed to have been centered around identity rather than attempt. So was this a closely balanced case in that regard and would it have reasonably resulted in any change in the outcome of the case to the prior fact? Well, Your Honor, it is true that the primary defense at trial was identity. Whether Mr. Thompson was the person depicted in those surveillance videos. Now, the, but there are two questions for the jury. First, regarding identity, was that Mr. Thompson? But secondly, if the jury finds that Thompson was the person in the video, the jury has to decide whether that person took a substantial step in making an attempt. Now, if the video just showed the person, Mr. Thompson, walking around in hydrous tanks, that is a trespass unless there is an attempt. Unless there was a substantial step. Now, the prosecutor in closing argument specifically referred, argued that Mr. Thompson took a substantial step. As you mentioned, Your Honor, smudge mark on the tire, the caps of the valves removed, so on and so forth. So it was an issue for the jury. I can see that it wasn't the primary defense. But again, it was a factual question for the jury to determine whether Mr. Thompson took a substantial step. For example, was it a substantial step to merely step on the tire and maybe remove the caps from the valves? Was that a substantial step? Well, the problem is that the jury was not instructed on that and didn't have to make that determination. And here, Your Honor, we talked about gas stop in the defendant's statement. We don't weigh the evidence here. This is a question of whether the omitted instruction affected an essential score. Oh, I realize we don't weigh the evidence, but we have to determine whether it's sufficiently a close enough case so that plain error would apply. And that's really the point of my question. I understand. You know, I've weighed evidence for over 13 years. I'm not doing it on the score. I understand, Your Honor. But the omission of the attempt instruction itself, just the pure omission, doesn't require us to reverse the conviction. I mean, the totality of the circumstances have to be such that the omission of the instruction would lead to some jury confusion or the jury didn't understand the law, correct? Well, the omission of the instruction under HOP has to go to whether the omitted instruction went to a disputed issue at the trial. That's the question. Right. So what Justice Goldenrush is saying is that there's a lot of evidence, overwhelming evidence. Even the Supreme Court found that all this error in testimony was just harmless error because of the overwhelming nature. Your Honor, I think— So explain to me, if you would, how the omission of the instruction prejudiced your client in that the jury somehow wouldn't have understood that they were convicting him of attempt. Well, prejudice—  Go ahead, please. If prejudice is referring to the—with the instruction, the outcome of the trial would have been different, I can't argue that. But the prejudice is—I mean, under the second serious error prong, there's no prejudice. Prejudice is assumed. Right. I'm talking about the HOP case. Yes. Okay. The prejudice—if you want to put it that way—the prejudice is that the substantial step is an essential element of the offense, which is a factual question for the jury. And the jury did not have the opportunity to determine whether those facts—stepping on the tank, removing the bell—was a substantial step. Jurors could differ on whether that is a substantial step, but they were not given the opportunity to make that determination because they were not given a substantial step. So you don't think that the entirety of the jury instructions would have been sufficient to allow the jury to recognize that this is what they were doing? Correct. Thank you. Thank you. Thank you, counsel. Counsel? We'll give you a few minutes extra also if you need it. May I please report? Counsel? My name is Sharon Shanahan. I represent the people of the state of Illinois. It's interesting, Justice Gates, your initial comments about the Supreme Court's decision in the law. Mr. O'Neill and I were talking about the Supreme Court decision this morning, and I said—he said something about losing the case. And I said, well, I don't really know that you lost the case because you're absolutely correct. I have a really good opinion because I think they made very clear, you've got a police officer, and he's going to testify about what he saw on a video or what he saw on a picture. This is what you have to do. And so, like I said, I don't want to say— It's going to be interesting to me whether now we're going to have to decide whether pictures are grainy or not grainy or— I mean, like, I had forgotten I was going to be interviewing for this case this morning. One of the police officers went to church with—it wasn't the defendant, but it was the woman that testified. Jocelyn? Yeah. And I thought to myself, you know, well, what happens if that's a situation that comes up with a defendant? I know the defendant. I'll go to church with him. So, yeah, it's going to be interesting putting the court's decision into practice, but I do think that it's a very clear decision. It supplied clarity that will guide the trial courts in this, and I think that's to everyone's benefit. Absolutely. Theirs and ours. So, as to the issue before us today, it's kind of interesting. The defendant's opening brief was based almost entirely on Bell. The state's opening answer brief was based almost entirely on Bell. And his reply brief, the defendant didn't respond to the state's application of Bell at all, and then back to Bell here on oral argument. But the issue here is, as set forth in Hoppe, as set forth by this court in Bell, is the two things that have to be determined. What would a correct instruction have told the jury? And certainly the correct instruction would have been that a person commits the offense of attempt when he with the intent to commit the underlying offense does any act which constitutes a substantial step towards the commission of the offense. But the second thing is, what was the essential dispute issue? Now, as Justice Goldenhirsch, as you pointed out, the focus of this case was not on whether there was an attempt or not. It was who was that man in the video. In fact, in closing argument, defense counsel stated the ultimate question for the jury is who is on the video. That's the essential question here. The question of substantial step wasn't the essential issue, and that's what's important here. Now, in this case, there's no doubt that there was substantial step. First of all, we've got the defendant admitting that he tried to steal antidepressant ammonia but got gassed out because he couldn't, and therefore he couldn't successfully complete the defense. He said, I got gassed out. You can't get gassed out unless you turn the tap on the tank and get a place full of gas. But that's not all. We have the video, which the jury watched. In that video, we see a person carrying a bucket, a soda bottle, and a hose. Now, there was testimony at trial that these items are used to steal antidepressant ammonia from nurse tanks.  We have three of the tank caps removed. And so when you add up, when you take the defendant's admission, when you take the footprint, when you take the removed caps, when you take the video, which the jury watched, there's just no doubt that this was a substantial step to where the admission of the instruction did not cause plain error. Now, in his reply, the defendant argues that there was this other essential disputed issue. But as I said, the record reflects that that wasn't an essential disputed issue. The other thing argued in the defendant's reply brief is that the defendant recanted that admission that he got gassed out. He said, I didn't know that. But here's what he said. I didn't do it. I was in jail in Johnson County. Well, first of all, I used to live in Johnson County. And as reflected in the record, they don't even have jails. Second of all, the defendant was in jail in Saline County. But he was let out three days before this crime occurred. So this recanting that the defendant said it was important to dispute this fact that he was gassed out is just wrong. It's proved wrong. He cannot be saying, I didn't steal land. I didn't get gassed out because I was in jail in Johnson County. Well, no. He wasn't in jail in Johnson County. He wasn't in jail anywhere. And as this Court knows, you always look at recantations very skeptically. But when the recantation is totally refuted by the record, then it should be given no way at all. I think that the Supreme Court's decision right at the very end of their opinions says that his only challenge is based on this recantation at the end of the interview. However, this recantation was unreliable because it differed from the alibi the defense defendant offered at trial. And the Supreme Court gave the recantation. However, the man got gassed out. He can't get gassed out. It is only a substantial step to steal land. There are no other questions? I don't believe so. Thank you, Your Honor. Thank you, Counsel. Counsel? As I mentioned earlier, the primary defense was identity. However, it is a disputed issue in this case whether a substantial step was taken, whether an attempt was taken, rather than whether Mr. Thompson was merely trespassing on the facility. I ask this Court to view the language of Hoppe and Bell broadly regarding a disputed issue at the trial and include not just the essential issue, but the disputed issue at the trial and find that it was an issue for the jury to determine whether Mr. Thompson, if he was the person in the videos, took a substantial step and made an attempt to commit the offenses. Do you have the Supreme Court's comment in this case where it was talking about in the very last couple of paragraphs that there was no challenge to the statements as involuntary? The only challenge was based on the recantation, which was unreliable. I mean, if Ms. Janhan is right that we have to look at the essential issues raised, it seems like our Supreme Court has at least dealt with the recantation and again states that the real issue in the case was who was in the video. I agree that that was the primary defense at trial, Your Honor. Do you agree with her analysis of the law that what was the essential dispute at issue is the second prong of what we have to look at under Bell? The language from Bell and Hopp does say an essential issue in the case. Now, I'm asking this court to broaden that to include an essential issue that was before the jury to decide whether the elements of the offense were proven. And I think we need to look at the broader picture here is that these are facts questions. The recantation, the Supreme Court talks about, you know, the recantation was unreliable. Well, when Mr. Thompson's recantation, the jury had to weigh that, had to balance that in a way, and that's a fact question. And here we have a fact question for the jury to determine whether a substantial step was given, and the jury was not allowed to make that determination. So rather than, you know, focusing merely on the recantation and whether that showed in the Supreme Court's analysis whether the evidence was overwhelming and whether there was a close imbalance for the first prong of the plain error, the question here is whether the serious error that we have here, a defective instruction and taking a fact question away from the jury. And that doesn't involve a balancing of the evidence. It just involves whether there was a disputed issue. And I understand that the essential issue was the identity. But here, it still is an issue for the jury to decide that. And whether it took a step on the tire, whether we moved the balance, jurors could differ as to whether that was a substantial step. Reasonable jurors could differ, but they didn't have to make that, they weren't required to make that determination here because there was no substantial step instruction. So that disputed issue was never, was not properly resolved by the jury. Are there any other questions, Your Honor? I don't believe so. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take this case under advisement. The next case for oral argument, which we'll take after a very short recess with a full panel, will be Warley v. Fenton. Nope, wrong case. Yarbrough v. Clark. Thank you. All rise.